IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
19 OCT 16 PM 3:28
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

| | | |
|---|---|---|
| KIM MENEFEE,<br>*Plaintiff*<br><br>-vs-<br><br>N-TITLE, LLC, CAMILLE WHITE,<br>PRESIDENT OF N-TITLE, LLC; AND<br>DON KLEIN, MANAGER OF N-<br>TITLE, LLC;<br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | A-19-CV-00737-JRN |

# ORDER

Before the Court in the above-entitled and styled case is Defendant Don Klein's ("Klein") Rule 12(b)(6) Motion to Dismiss (Dkt. 4) and Plaintiff's Response (Dkt. 7). Plaintiff brought this claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201–219, seeking, among other things, compensation for unpaid overtime. Klein seeks dismissal of Plaintiff's claims against him on the grounds that his relationships with Plaintiff and her former employer, N-Title, LLC do not form a sufficient basis to establish him as her "employer" for FLSA purposes. Having considered the parties' arguments and the relevant law, the Court will DENY the Motion to Dismiss.

## I.　STANDARD OF REVIEW

Here, the Court must consider not only the pleadings, but both parties' attachments to the pleadings. Therefore, it is necessary to "convert" the Motion to Dismiss to a Motion for Partial Summary Judgment under Federal Rule of Civil Procedure 12(d). Rule 12(d) mandates that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.

All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *see also Rose v. Chem. Lime, Ltd.*, No. A-11-CV-854 LY, 2012 WL 13136337, at *1 (W.D. Tex. Feb. 29, 2012) (similarly converting a Motion to Dismiss in an FLSA case to a Motion for Summary Judgment).

"Summary judgment is appropriate only if 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Tolan v. Cotton*, 572 U.S. 650, 656–57 (2014) (quoting Fed. R. Civ. P. 56(a)). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence, taken as a whole, could lead a rational trier of fact to find for the nonmoving party. *Id.*; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Kariuki v. Tarango*, 709 F.3d 495, 501 (5th Cir. 2013).

The summary-judgment movant bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the record that demonstrate the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *EEOC v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 615 (5th Cir. 2009). If the movant seeks summary judgment based on an issue for which the nonmoving party bears the burden of proof at trial, the movant may satisfy this initial burden by showing that there is an absence of evidence to support an essential element of the nonmoving party's case and that, as a result, judgment should be entered in the movant's favor on the basis of purely legal considerations. *Celotex*, 477 U.S. at 325; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). If the movant fails to meet its initial burden, the motion for summary judgment must be denied, regardless of the nonmoving

party's response. *Celotex*, 477 U.S. at 325; *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008).

If the summary-judgment movant carries its initial burden, the burden then shifts to the nonmoving party to show that summary judgment should not be granted. *Celotex*, 477 U.S. at 323–24; *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). The nonmoving party may discharge this burden by identifying specific evidentiary material showing that there is a genuine issue for trial. *Sanchez v. Young Cty., Tex.*, 866 F.3d 274, 279 (5th Cir. 2017); *Isquith ex rel. Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 198–200 (5th Cir. 1988).

On a motion for summary judgment, "a court must view the evidence 'in the light most favorable to the opposing party.'" *Tolan*, 572 U.S. at 657 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)). The nonmoving party's evidence must be accepted as true, and all reasonable inferences must be drawn in that party's favor. *Anderson*, 477 U.S. at 255; *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002); *Richardson v. Oldham*, 12 F.3d 1373, 1379 (5th Cir. 1994). "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." *Carlson v. FedEx Ground Package Sys., Inc.*, 787 F.3d 1313, 1318 (11th Cir. 2015) (quoting *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997)); *accord Askanase v. Fatjo*, 130 F.3d 657, 665 (5th Cir. 1997) ("Summary judgment is inappropriate when conflicting inferences and interpretations may be drawn from the evidence."); *see also Byrd v. Roadway Express, Inc.*, 687 F.2d 85, 87 (5th Cir. 1982) ("That the movant appears more likely to prevail at trial is no reason to grant summary judgment; it is not the province of the court on a motion for summary judgment to weigh the evidence, assess its probative value, or decide factual issues.").

## II. DISCUSSION

Plaintiff brought this claim against her former employer, N-Title, LLC, ("N-Title"), and two individuals, Camille White and Don Klein. According to the Complaint, Camille White was the president of N-Title, and Don Klein was "a manager." (Compl., Dkt. 1, at 2). In reality, Klein does not work for N-Title, but instead is the CEO of its parent company, Chesmar Homes. Klein's professional relationship with Plaintiff and with N-Title, and whether those relationships made Klein an "employer" with respect to Plaintiff are the central issues before the Court.

The FLSA mandates that "no employer shall employ any of his employees . . . for a workweek longer than forty hours" unless the employee is compensated for time worked in excess of that threshold "at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). Liability for violating the FLSA's overtime provision attaches to individuals and entities who qualify as an "employer." *See Donovan v. Grim Hotel Co.*, 747 F.2d 966, 971 (5th Cir. 1984). The statute defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). This definition is to be "liberally construed to effectuate Congress'[s] remedial intent." *Reich v. Circle C. Invs., Inc.*, 998 F.2d 324, 329 (5th Cir. 1993). The ultimate determination of employer status is a question of law. *Id.; Clark v. Centene Corp.*, 2013 WL 12120414, at *4 (W.D. Tex. Feb. 1, 2013).

Klein relies heavily upon the 5th Circuit's decision in *Gray v. Powers*, 673 F.3d 352 (5th Cir. 2012), in which the Circuit applied an "economic reality" test to evaluate whether there is an employer/employee relationship for FLSA purposes. That test "originates in the Supreme Court's holding that 'economic reality' should govern the determination of employer status under the

FLSA." *Id.* at 355 (citing *Goldberg v. Whitaker House Coop.*, 366 U.S. 28, 33 (1961)). The Circuit held that:

> To determine whether an individual or entity is an employer, the court considers whether the alleged employer: (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. In cases where there may be more than one employer, this court must apply the economic realities test to each individual or entity alleged to be an employer[,] and each must satisfy the four[-]part test.

*Id.* (citing *Watson v. Graves*, 909 F.2d 1549, 1553 (5th Cir. 1990)).

The parties do not dispute that N-Title and Camille White were Plaintiff's employers. Accordingly, the Court will apply the economic realities test to Klein alone. *See id.*

### A. Hiring and Firing of Employees

The first factor to assess in determining the economic reality of the relationship between Plaintiff and Klein is whether Klein had the power to hire and fire employees like Plaintiff. *See id.* After reviewing the evidence, the Court cannot conclude that Klein has met his summary judgment burden regarding this factor.

It is undisputed that Klein did not directly hire or fire Plaintiff. However, Plaintiff's claims suggest that Klein held the power to hire and fire. Despite that Klein was the CEO of N-Title's parent company, Plaintiff claims that Klein directly made hiring decisions for N-Title's president role, including the decision to hire Co-Defendant White. Assuming this is true, Klein has exhibited hiring power over N-Title employees, and reasonable minds could differ as to whether he had such power with respect to Plaintiff.

### B. Supervising and Controlling Work Schedules or Conditions of Employment

The second factor to access is whether Klein supervised and controlled the work schedules or conditions of employment for employees like Plaintiff. *See id.* As with the first factor, the Court cannot conclude that Klein has met his summary judgment burden regarding this factor.

Plaintiff maintains that Klein has chastised her for failing to attend certain meetings, oversees operations at each N-Title office, and provides feedback, supervision, instruction, and discipline to N-Title employees. Assuming this is true, Klein has plausibly exhibited supervision and control over work schedules or conditions of employment.

### C. Determining the Rate and Method of Payment

The third factor to assess is whether Klein determined Plaintiff's rate and method of payment. *See id.* As with the first two factors, the Court cannot conclude that Klein has met his summary judgment burden regarding this factor.

Plaintiff alleges that Klein personally decided the timing and amount of employee bonuses, approved pay rates and payroll changes for all N-Title new-hires, and determined which of N-Title's employees would be eligible for an annual reward trip. Accepting these allegations as true, reasonable minds could differ as to whether Klein determined Plaintiff's rate and method of payment.

### D. Employment Records

The final factor to assess is whether Klein maintained Plaintiff's employment records. *See id.* As with the other factors, the Court cannot conclude that Klein has met his summary judgment burden regarding this factor.

Plaintiff alleges that N-Title's employment records are kept by the Human Resources Department, which is shared by both N-Title and Chesmar Homes. Plaintiff further alleges that the director of human resources reports directly to Klein, and that Klein acts as an escalation official to handle human resources complaints. Accepting these allegations as true, reasonable minds could differ as to whether Klein maintains Plaintiff's employment records.

### III. CONCLUSION

At this early stage of litigation, a genuine issue of material fact remains as to whether Plaintiff and Klein had an employee/employer relationship. Having concluded that Klein has not met his burden under the Rule 12(d) Converted Motion for Summary Judgment, the Motion to Dismiss must be DENIED.

**IT IS THEREFORE ORDERED** that Defendant's Rule 12(b)(6) Motion to Dismiss is **DENIED.**

SIGNED this 16th Day of October, 2019.

JAMES R. NOWLIN
UNITED STATES DISTRICT JUDGE